# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

**ORIGINAL FILED**

AUG - 6 2004

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

In the Matter of the Search of

Residence, curtilage, outbuildings, storage units and vehicles located at 288 Turkey Creek Road, Ware Shoals, South Carolina, more fully described below

**SEARCH WARRANT**

Criminal Number 6:04-0714-2

TO: Winfred Pressley, and any other Authorized Officer of the United States:

Affidavit(s) having been made before me by Winfred Pressley, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, who has reason to believe that on the premises known as the residence, curtilage, outbuildings, storage units, and vehicles located at 288 Turkey Creek Road, Ware Shoals, South Carolina, described as a white mobile home with screened in front porch, above ground swimming pool, storage building(s) in rear, a wooden fence across front yard, with the "288" and "George A. Scott Jr." on the mailbox, located by traveling south on U.S. 25, turning right onto Maddox Bridge Rd. for 2.2 miles (until you arrive at stop sign), turning left onto Hwy. 252 for .3 miles, turning right onto Turkey Creek Road, turning right on Turkey Creek Road for .6 miles to reach 288 Turkey Creek Road, in the District of South Carolina, there is now concealed a certain person or property, namely any firearms that may be located on the person of George Scott Jr., in the residence, any outbuilding, storage shed or in any vehicle on or near the curtilage which are under the control of SCOTT or any person present at the time of the service of this warrant; items pertaining to the purchase and sale of firearms, including receipts for the purchase of firearms; any money or monetary instruments deemed to be proceeds from the sale of firearms; all records and information relating to violations Scott described in the affidavit whether contained on electronic storage media or document form; the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any electrical, electronic, or magnetic form (such as an information on an electronic or magnetic storage device, including floppy diskettes, hard disks, ZIP disks, CD-ROMS, DVDs, backup tapes, smart cards, memory cards, calculators, pagers, personal digital assistants (PDAs), as well as printouts or readouts from electronic storage devices; any handmade forms (such as writing, drawing, or painting); any mechanical form (such as microfilm, prints, slides, negatives, videotapes, motion pictures, photocopies); ATF computer forensic personnel are authorized to seize the computers, hard drives, peripheral devices, and other removable media in order to obtain forensic images and/or bit stream copies of the devices and media containing electronic information; as referenced in probable cause affidavit, this warrant authorizes ATF computer forensic personnel to temporarily remove from the business premises the above listed items to a controlled setting for the purpose of obtaining the forensic images and/or bit stream copies; at the conclusion of the processing of the above listed devices, they will be returned to the owner; the forensic images and/or bits stream copies will then be searched by ATF, or other technical personnel, based on the probable cause affidavit; the following books, records, documents or photographs, whether contained on paper in handwritten, typed, photocopied or printed form or stored on computer printouts, magnetic tape, cassette, disk, diskette, photo-optical devices, photographic film or any other medium; a list of firearms transactions, including name of purchaser, type of firearm, and sale price written on unbound notebook or tablet paper; I am satisfied that the affidavit and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

**YOU ARE HEREBY COMMANDED** to search on or before August 7, 2004 (not to exceed 10 days) the place named above for the person or property specified, serving this warrant and making the search **in the daytime - 6:00 a.m. to 10:00 p.m.** and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to William M. Catoe, United States Magistrate Judge, as required by law.

Nighttime search specifically authorized:  ☐ Yes  ■ No

Issued 10:30 a.m., July 29, 2004, at Greenville, South Carolina.

William M. Catoe
United States Magistrate Judge

_____
Signature of Judicial Officer



# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

FILED

AUG - 6 2004

In the Matter of the Search of

Residence, curtilage, outbuildings, storage units and vehicles located at 288 Turkey Creek Road, Ware Shoals, South Carolina, more fully described below

APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

W. PROPES, CLERK
U.S. DISTRICT COURT

Criminal Number 6:04-0714-2

I, Winfred Pressley, being duly sworn, depose and say:

I am a Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, and have reason to believe that on the property or premises known as the residence, curtilage, outbuildings, storage units, and vehicles located at 288 Turkey Creek Road, Ware Shoals, South Carolina, described as a white mobile home with screened in front porch, above ground swimming pool, storage building(s) in rear, a wooden fence across front yard, with the "288" and "George A. Scott Jr." on the mailbox, located by traveling south on U.S. 25, turning right onto Maddox Bridge Rd. for 2.2 miles (until you arrive at stop sign), turning left onto Hwy. 252 for .3 miles, turning right onto Turkey Creek Road, turning right on Turkey Creek Road for .6 miles to reach 288 Turkey Creek Road, in the District of South Carolina, there is now concealed a certain person or property, namely any firearms that may be located on the person of George Scott Jr., in the residence, any outbuilding, storage shed or in any vehicle on or near the curtilage which are under the control of SCOTT or any person present at the time of the service of this warrant; items pertaining to the purchase and sale of firearms, including receipts for the purchase of firearms; any money or monetary instruments deemed to be proceeds from the sale of firearms; all records and information relating to violations Scott described in the affidavit whether contained on electronic storage media or document form; the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any electrical, electronic, or magnetic form (such as an information on an electronic or magnetic storage device, including floppy diskettes, hard disks, ZIP disks, CD-ROMS, DVDs, backup tapes, smart cards, memory cards, calculators, pagers, personal digital assistants (PDAs), as well as printouts or readouts from electronic storage devices; any handmade forms (such as writing, drawing, or painting); any mechanical form (such as microfilm, prints, slides, negatives, videotapes, motion pictures, photocopies); ATF computer forensic personnel are authorized to seize the computers, hard drives, peripheral devices, and other removable media in order to obtain forensic images and/or bit stream copies of the devices and media containing electronic information; as referenced in probable cause affidavit, this warrant authorizes ATF computer forensic personnel to temporarily remove from the business premises the above listed items to a controlled setting for the purpose of obtaining the forensic images and/or bit stream copies; at the conclusion of the processing of the above listed devices, they will be returned to the owner; the forensic images and/or bits stream copies will then be searched by ATF, or other technical personnel, based on the probable cause affidavit; the following books, records, documents or photographs, whether contained on paper in handwritten, typed, photocopied or printed form or stored on computer printouts, magnetic tape, cassette, disk, diskette, photo-optical devices, photographic film or any other medium; a list of firearms transactions, including name of purchaser, type of firearm, and sale price written on unbound notebook or tablet paper, which is fruits and instrumentalities of the commission of a criminal offense concerning a violation of Title 18, United States Code, Section 922(a)(1)(A) and 922(d)(1).

The facts to support a finding of Probable Cause are as follows: See attached affidavit.

Continued on the attached sheet and made a part hereof: ■ Yes ☐ No

Winfred Pressley

Sworn to and subscribed in my presence on July 29, 2004, at Greenville, South Carolina.

William M. Catoe
United States Magistrate Judge

Signature of Judicial Officer

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

**ORIGINAL**

AUG - 6 2004

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

In the Matter of the Search of

**SEARCH WARRANT**

Residence, curtilage, outbuildings, storage units and vehicles located at 257 Reeves Street, Greenville, South Carolina, more fully described below

Criminal Number 6:04-0714-1

TO: Winfred Pressley, and any other Authorized Officer of the United States:

Affidavit(s) having been made before me by Winfred Pressley, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, who has reason to believe that on the premises known as the residence, curtilage, outbuildings, storage units, and vehicles located at 257 Reeves Street, Greenville, South Carolina, the residence described as a white mobile home with green shutters, a front porch and a chain-linked fence, reached by traveling south on Mills Avenue (Hwy. 29) for approximately 1.6 miles, turning right on Reeves Street for .1 mile, and taking the first left onto Reeves Street, in the District of South Carolina, there is now concealed a certain person or property, namely any firearms that may be located on the person of George Scott Jr., in the residence, any outbuilding, storage shed or in any vehicle on or near the curtilage which are under the control of SCOTT or any person present at the time of the service of this warrant; items pertaining to the purchase and sale of firearms, including receipts for the purchase of firearms; any money or monetary instruments deemed to be proceeds from the sale of firearms; all records and information relating to violations Scott described in the affidavit whether contained on electronic storage media or document form; the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any electrical, electronic, or magnetic form (such as an information on an electronic or magnetic storage device, including floppy diskettes, hard disks, ZIP disks, CD-ROMS, DVDs, backup tapes, smart cards, memory cards, calculators, pagers, personal digital assistants (PDAs), as well as printouts or readouts from electronic storage devices; any handmade forms (such as writing, drawing, or painting); any mechanical form (such as microfilm, prints, slides, negatives, videotapes, motion pictures, photocopies); ATF computer forensic personnel are authorized to seize the computers, hard drives, peripheral devices, and other removable media in order to obtain forensic images and/or bit stream copies of the devices and media containing electronic information; as referenced in probable cause affidavit, this warrant authorizes ATF computer forensic personnel to temporarily remove from the business premises the above listed items to a controlled setting for the purpose of obtaining the forensic images and/or bit stream copies; at the conclusion of the processing of the above listed devices, they will be returned to the owner; the forensic images and/or bits stream copies will then be searched by ATF, or other technical personnel, based on the probable cause affidavit; the following books, records, documents or photographs, whether contained on paper in handwritten, typed, photocopied or printed form or stored on computer printouts, magnetic tape, cassette, disk, diskette, photo-optical devices, photographic film or any other medium; a list of firearms transactions, including name of purchaser, type of firearm, and sale price written on unbound notebook or tablet paper; I am satisfied that the affidavit and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

**YOU ARE HEREBY COMMANDED** to search on or before August 7, 2004 (not to exceed 10 days) the place named above for the person or property specified, serving this warrant and making the search **in the daytime - 6:00 a.m. to 10:00 p.m.** and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to William M. Catoe, United States Magistrate Judge, as required by law.

Nighttime search specifically authorized:  ☐ Yes  ■ No

Issued 10:30 a.m., July 29, 2004, at Greenville, South Carolina.

William M. Catoe
United States Magistrate Judge

Signature of Judicial Officer

United States Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives
Greenville/Asheville Field Office

## EVIDENCE CONTROL LOG

| Item # | Manufacturer | Model | Serial Number | Found by | Location | Other |
|---|---|---|---|---|---|---|
| 1 | S&W .40 | 4046 | THE7519 | HYMAN | M.BDRM (W. SHELVES) | W/B.Box 1 MAG (#9) |
| 2 | Glock 9mm | 17 | AAU424 | | | W/B.Box 2 MAG (#8) |
| 3 | S&W 9mm | A10 | VLN9495 | | | W/BL.Box 1 MAG (4) |
| 4 | S&W .22LR | 22A | UAS306.1 | | | W/Red Dot Scope SN RD3858 W/BL.Box F/A WAS LOADED 2 MAG |
| 5 | (10) 22LR Ammo Ruger 9mm | — | — | | | REF ITEM 4 |
| 6 | Ruger 9mm | P95Dc | 31186687 | | | W/G.Box (#11) |
| 7 | Ruger .40 | P940c | 34049360 | | | 2 MAG W/G.Box (#10) |
| 8 | Glock .40 | 27 | ckP650 | | | 2 MAG (#5) |
| 9 | 10 - .40 LDS Ammo Glock 9mm | — | — | | | 2 MAGS REF ITEM *8 |
| 10 | 9mm | 19 | BVS385US | | | B.Box *4 |
| 11 | STAR (INTERARMS) 9mm | ULTRASTAR | 2127145 | | | 2 MAGS BL.Box *2 |
| 12 | Glock 9mm | 17 | AP7856 US | | ✓ | 2 MAGS B.Box #1 2 MAGS |

IN Number: 763055-
Incident Location:
Date: 8.3.2004

B-BLACK
BL-BLUE

Page 1 of

# United States Department of Justice
## Bureau of Alcohol, Tobacco, Firearms and Explosives
Greenville/Asheville Field Office

## EVIDENCE CONTROL LOG

| Item # | Manufacturer | Model | Serial Number | Found by | Location | Other |
|---|---|---|---|---|---|---|
| 25 | (5) WC (1) Federal Ammo .22 | — | — | Hyman | M. BDRM | REF. TO ITEM # 24 |
| 26 | Remington | Speedmaster 552 | 222257 | | (w/ shelves) | (6) .38 SPECIAL WOOD STOCK |
| 27 | Remington .410 Ammo | — | — | | | (9) .22 LR |
| 28 | Remington .410 | 870 Express | B743250H | | | WOOD STOCK |
| 29 | (1) Federal .410 (2) Win. Ammo | — | — | | | (3) .410 REFER TO 28 |
| 30 | (5) Super X .22 (24) Rem. Ammo | — | — | | | (29) .22 |
| 31 | Norinco 7.62 | Mac 90 Sporter | 9407096 | | on Bed in M. BDRM | (1) MAC 90. SYNTHETIC STOCK FIRE LOADED |
| 32 | ? 7.62 Ammo | — | — | | OFFICE FIR C. Room | (30) 7.62 CAL REFER ITEM # 31 |
| 33 | Springfield Ammo | — | ? | | | NO STOCK |
| 34 | ? 12 Gauge | OU-12 | 19010 | | | |
| 35 | Boito 12 Gauge | 1929 | ? | | | (2) 12G. RDS |
| 36 | Marlin 35 cal L.Action Ammo | 336 | ? | | | WOOD STOCK |

IN Number: 768055-
Incident Location:
Date: 3.3.2004

Page 3 of

# United States Department of Justice
## Bureau of Alcohol, Tobacco, Firearms and Explosives
### Greenville/Asheville Field Office

### EVIDENCE CONTROL LOG

| Item # | Manufacturer | Model | Serial Number | Found by | Location | Other |
|---|---|---|---|---|---|---|
| 13 | Marlin 30/30 L.Action | 336 | 24032138 | Hyman | M.Bdean | 10/ rds 7.62 IN THE (4) 30 RD MAG. |
| 14 | ? | | | | | Ammo |
| 15 | (4) mags | | | | | Ref. TR ITEM #14 |
| 16 | STJER | | | | | Ammo (5) RDS .357 |
| 17 | WCC | | | | | Ammo |
| 18 | S&W 9mm | | PBE 4339 | | | (20) RDS 9mm F/A LoADED |
| 19 | RG .22 | | | | | (#12) 2 mags |
| 20 | RG | RG14 | 314778 | | | (19) 9mm RDS Revolver |
| 21 | | | | | | (6) 22 RDS |
| 22 | S&W .38 | 36 | J27359 | | | Revolver |
| 23 | Various | | | | | REF. TO ITEM # 21 |
| 24 | RG .38 Ammo | 63 | 15004 | ✓ | ✓ | (5) .38 CAL. Revolver F/A CoRoDED. |

IN Number: 763055-
Incident Location:
Date: 3.3.2004

Page 2 of

# United States Department of Justice
## Bureau of Alcohol, Tobacco, Firearms and Explosives
### Greenville/Asheville Field Office

## EVIDENCE CONTROL LOG

| Item # | Manufacturer | Model | Serial Number | Found by | Location | Other |
|---|---|---|---|---|---|---|
| 37 | AVMAR CC ALN 12G. | ? | | Hyman | OFFICE | Morlin |
| 38 | G-MARINES P.C. | | 88242 | Dabkowski | | OVER/UNDER WOD STOCK MINI-TOWER 59 |
| 39 | Various Ammo | T1070 | QC618J00032I8 | | L.R. Brown CABINET | (50) .357 (15) .35 (63) .380 (49) .25 (24) 206 (13) 12G (11) .223 (16) .44 (12) 30/30 (20) .38 (9) .32 (19) 410 (81) .45 (37) .308 (27) 30 cal. (25) 7.62 9mm .15 .022 |
| | | | | | | M. Bolin |
| 40 | CONCEALING FIREARMS | | | Garcia Garcia | Cox-McCand | |
| 41 | GUN BOOKS (7) (TRADERS Book Blue Book) | | | Garcia | L. Room Brown CABINET | |
| 42 | RECEIPT BOOK | | | Lockhart | KITCHEN CABINET | |
| 43 | 10,100.00 Hundred Dollar Bills 470.00 22@20.00 3@ 10.00 10,570.00 Total | | | Pressley | IN Wallet on George Scott Sr. | |

IN Number: 763055-
Incident Location: Scott Residence
Date: 8.3.2004

Page 4 of 4

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

FILED
AUG 9 2004
LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

| | |
|---|---|
| IN THE MATTER OF A SEARCH ) | Criminal No. 6:04-0714 |
| WARRANT ISSUED 7/29/04 ) | |
| ) | **ORDER** |

Upon motion of the United States Attorney, and good cause having been shown in this case,

IT IS ORDERED that the affidavit in support of the search warrants in this case is hereby sealed pending further order of this court. This action is being taken after thoroughly reviewing the record and the government's motion.

IT IS SO ORDERED.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

July 29, 2004

Greenville, South Carolina

I SO MOVE:

for E. Jeanne Howard
Assistant United States Attorney